FILED

February 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0758

DA 13-0758

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 47N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

ROBERT ZLAHN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 11-0653
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wade Zolynski, Chief Appellate Defender, Koan Mercer, Assistant
Appellate Defender; Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General; Helena, Montana

                Scott D. Twito, Yellowstone County Attorney, Rod Souza, Deputy County
Attorney; Billings, Montana

                Submitted on Briefs:  December 31, 2014
                            Decided:  February 17, 2015

Filed:

                             _____
                                       Clerk

Justice James Jeremiah Shea delivered the Opinion of this Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Zlahn appeals from a judgment of the Thirteenth Judicial District Court, Yellowstone County, sentencing him to a five-year suspended commitment to the Department of Corrections (DOC). The issue on appeal is whether a defendant is permitted to withdraw a guilty plea when the State mistakenly recommends a sentence in excess of the plea agreement, and the court adopts it, but the court later corrects the mistake to conform the sentence to the plea agreement. We affirm.

¶3 Zlahn and the State entered into a plea agreement under which the parties agreed that a five-year suspended commitment to the DOC was the appropriate disposition of the case. The plea agreement was made under § 46-12-211(1)(b), MCA, and pleas under that subsection may be withdrawn pursuant to subsection (4) if the district court does not follow the plea agreement's stipulated sentence. Prior to the plea agreement and sentencing, counsel for the parties met with the judge, and the judge agreed to be bound by the plea agreement's stipulated sentence. At sentencing, however, the prosecutor inadvertently requested a five-year suspended sentence to MSP (Montana State Prison), rather than DOC. The District Court adopted the mistake and sentenced Zlahn to a five-year suspended commitment to MSP.

¶4      Zlahn subsequently filed a motion to withdraw his guilty plea, arguing that the commitment to MSP was less favorable than the sentence to the DOC listed in the plea agreement. The District Court denied the motion, finding that the sentence committing Zlahn to MSP rather than the DOC was factually erroneous and could be corrected pursuant to § 46-18-116(3), MCA. The District Court then corrected Zlahn's sentence so his commitment was to the DOC rather than MSP, in conformance with the plea agreement. Zlahn appeals the denial of his motion to withdraw his guilty plea.

¶5      We review de novo the denial of a motion to withdraw a guilty plea, as well as questions of whether a plea agreement was breached. *State v. Shepard*, 2010 MT 20, ¶¶ 7–8, 355 Mont. 114, 225 P.3d 1217.

¶6      When the court accepted the plea agreement, it necessarily agreed to sentence Zlahn to the five-year suspended DOC commitment provided for in the plea agreement. Section 46-12-211(3), MCA, provides: "If the court accepts a plea agreement [providing for a specific, agreed-upon sentence], the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." In this case, the District Court informed counsel for both parties that it agreed to be bound by a plea agreement that provided for a specific sentence.

¶7      Section 46-12-211(4), MCA, allows a defendant to withdraw his guilty plea if the court rejects a plea agreement made pursuant to § 46-12-211(1)(b). The court did not reject the plea agreement in this case. On the contrary, it informed the parties before the plea agreement was reached that it would agree to be bound by a plea agreement that provided for a specific sentence, pursuant to § 46-12-211(1)(b), MCA.

3

¶8 The District Court's mistaken MSP sentence was no more than a factual error. The court properly corrected the factual error, so that Zlahn received exactly the sentence he and the State agreed to in the plea agreement. Section 46-18-116, MCA, states: "The court may correct a factually erroneous sentence or judgment at any time."

¶9 The State and the court mistakenly using the wrong acronym and then correcting the mistake before any prejudice accrued to Zlahn does not amount to a breach of the plea agreement by the State, or a rejection of the plea agreement by the court. Zlahn entered into a plea agreement for a specific sentence, and received exactly the sentence to which he had agreed.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The Appellant has not demonstrated error for which he is entitled to relief. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE

4